Smith, J.
The plaintiff, after recovering the land from the defendant, commenced this action to recover the mesne profits, in pursuance of what had been the modern practice in the proceeding by ejectment. As the proceedings by ejectment was a feigned action against a nominal defendant, intended to reach the title only, the question of damages was excluded, and of course another action became necessary, if damages were to be recovered. This led to the action for mesne profits, which was trespass against the real defendant. But the legislature, by the act of 1791, have very wisely abolished the fictitious proceeding by ejectment, and substituted the action of trespass to try title ; in which the jury, if they find for the plaintiff, are authorised in the same verdict, to assess damages for the mesne profits ; and judgment is to be entered, as well for the land as for the damages assessed. ■ Under this act the plaintiff had her first trial, and in a legal point of view, she has had as ample remedy, as if ■she had first recovered her land by one verdict, and afterwards recovered the mesne profits by another. From the principles of this action, the plaintiff shall recover damages, not only from the time of eviction *105 ó the time of commencing the action, but pending the action; (10 Coke, 117.) and up to the time of the verdict; (4 Dallas, 139.) To recover damages twice for the same injury, is a thing unknown to our law. But it was argued for the plaintiff, against this motion, that the damages in the former action were quite too small, and altogether inadequate to the injury. That the plaintiff had been evicted upwards of two years, and the annual profits of the land were equal to $200 ; therefore the jury could not have intended $10. as a compensation. But it appears to me, that these matters cannot be taken into consideration here at all. The only way in which the plaintiff could have been relieved from the inadequacy of the verdict,, would have been by a motion for a new trial.' But instead of doing so, she resisted the motion for a new trial; and the defendant-lost his motion, not by an opinion of the majority, but by a division of the court. The plaintiff had the benefit of this division ; and thereby saved her title from being put in jeopardy again. By a second action she now endeavours to make up the deficiency of the verdict; but I am clearly of opinion that this1 cannot he done, and that she ought not to recover’ for any thing before the verdict against Murray. Therefore, if the annual profits were worth only $200, and the defendant held over after the verdict only two months and a half; I think a new trial ought to be granted, on the ground of excessive damages.
The other Judges concurred.